**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4483**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

RONNIE LYNARD MORROW,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00303)

---

Submitted: January 25, 2007          Decided:  January 29, 2007

---

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Reggie E. McKnight, MCKNIGHT LAW FIRM, P.L.L.C., Charlotte, North Carolina, for Appellant.  C. Nicks Williams, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Lynard Morrow pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Morrow was sentenced following the Supreme Court's opinion in United States v. Booker, 543 U.S. 220 (2005). The district court applied the holding of Booker and sentenced Morrow to 100 months imprisonment, followed by three years of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but addressing whether Morrow's sentence was excessive. Although informed of his right to file a pro se supplemental brief, Morrow has not done so. Finding no error, we affirm.

After the Supreme Court' decision in Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A]

- 2 -

sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006).

Morrow's sentence was both within the guideline range of 100 to 125 months, and within the statutory maximum of ten years imprisonment. 18 U.S.C. § 924(a)(2) (2000). Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable. Accordingly, we affirm.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -